UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | Case No. 2:22-009 |
| v. | ) | JUDGE GREER |
| | ) | |
| JASON ELBERT HARRIS | ) | |

## PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, Jason Elbert Harris, and the defendant's attorney, Charles L. Bledsoe, have agreed upon the following:

1. The defendant will plead guilty to the following count(s) in the indictment:

    a) <u>Count One</u>: Conspiracy to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A).

    The punishment for this offense is as follows: A minimum mandatory 10 years up to life imprisonment, a maximum fine of $10,000,000.00, a minimum of 5 years up to life on supervised release, and a $100 mandatory assessment fee.

2. In consideration of the defendant's guilty plea, the United States agrees to move the Court at the time of sentencing to dismiss the remaining counts against the defendant in this indictment.

3. The defendant has read the indictment, discussed the charges and possible defenses with defense counsel, and understands the crime charged. Specifically, the elements of the offense(s) are as follows: As to Count One, the defendant agrees that each of the following elements of the crime must be proven beyond a reasonable doubt: (1) An agreement to distribute or possess with the intent to distribute methamphetamine; (2) knowledge and intent to join the conspiracy; (3)

1

participation in the conspiracy, and (4) that the conspiracy involved 50 grams or more of actual methamphetamine.

4. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

a) On the night of February 7, 2020, agents with the Third Judicial Drug Task Force (3rd DTF) used a confidential informant (CI) to purchase methamphetamine from an unindicted co-conspirator (UC-1) in Hawkins County, Tennessee. The CI arranged to purchase an ounce of methamphetamine and then went to a residence and met with UC-1, who then led the CI to a back bedroom where Harris was weighing out methamphetamine. CI then purchased methamphetamine from UC-1; Harris did not directly participate in the deal but was present and appeared to be packaging ounce quantities of methamphetamine. Subsequent analysis showed the drug purchased by the CI to be approximately 25 grams of methamphetamine.

b) Shortly after the controlled buy agents obtained a state court authorized search warrant for the residence where the controlled buy took place and executed the warrant in the early morning hours of February 8, 2020. Agents found approximately two ounces of methamphetamine in the residence packaged in manner consistent with the methamphetamine Harris was captured on video handling during the controlled buy. UC-1 and Harris were both present.

c) On September 2, 2020, the Hamblen County Sheriff's Office conducted a traffic stop of Harris and found him with three baggies of methamphetamine totaling less than 5 grams of methamphetamine. Harris gave a *Mirandized* statement to a Detective and admitted to selling

2

J.H

methamphetamine.

  d) On January 29, 202, Deputies with the Hawkins County Sheriff's Office went to a residence where Harris and two women were present. Harris gave deputies a fake name, and then when the deputies were focused on other things he slipped out the back door and ran through a field on the neighboring property. Deputies were later informed that Harris had returned to the property and they went back to arrest him. Harris, and the others, had a variety of user quantities of pills, marijuana, and methamphetamine at the residence.

  e) Harris eventually made bond in late fall of 2021. After his release from state custody, the defendant led members of the Hamblen County Sheriff's Office on three separate high-speed chases over the period of an approximately a month. The final pursuit resulted in law enforcement rolling one of their vehicles while in pursuit of Harris. During one of the pursuits Harris threw an item out of the window of his moving vehicle; and Harris now admits this item had evidentiary value.

  f) The defendant now admits that he cooperated with law enforcement following the execution of the search warrant at his residence on February 8, 2020. The defendant admits that he continued to traffic methamphetamine despite his ostensible cooperation with law enforcement.

  g) For the purposes of this plea agreement, the parties agree that the two-level enhancement for Reckless Endangerment During Flight from a law enforcement officer pursuant to U.S.S.G. §3C1.2 should apply to this defendant.

  h) For the purposes of this plea agreement, the parties agree that the defendant should be held individually responsible for possessing with the intent to distribute more than 50 grams but less than 150 grams of actual methamphetamine.

  i) For the purposes of this plea agreement, the parties agree that a 2-level

enhancement for maintaining a dwelling under §2D1.1(b)(12) should NOT apply to this defendant.

        j)      For the purposes of this plea agreement, the parties agree that an Aggravating Role enhancement pursuant to USSG §3B1.1(b) should NOT apply to this defendant.

        k)      For the purposes of this plea agreement, the parties agree that an enhancement for obstruction of justice pursuant to USSG §3C1.1 should NOT apply to this defendant.

5. The defendant is pleading guilty because the defendant is in fact guilty. The defendant understands that, by pleading guilty, the defendant is giving up several rights, including:

    a) the right to plead not guilty;

    b) the right to a speedy and public trial by jury;

    c) the right to assistance of counsel at trial;

    d) the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

    e) the right to confront and cross-examine witnesses against the defendant;

    f) the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

    g) the right not to testify and to have that choice not used against the defendant.

6. The parties agree that the appropriate disposition of this case would be the following as to each count:

    a) The Court may impose any lawful term(s) of imprisonment, any lawful fine(s), and any lawful term(s) of supervised release up to the statutory maximum(s);

    b) The Court will impose special assessment fees as required by law; and

    c) The Court may order forfeiture as applicable and restitution as appropriate.

No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding any potential sentence in this case are not binding on the Court, and may not be used as a basis to rescind this plea agreement or withdraw the defendant's guilty plea(s). The defendant understands that the sentence in this case will be determined by the Court after it receives the presentence investigation report from the United States Probation Office and any information presented by the parties. The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

7. Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, and the defendant is awarded the two-level reduction pursuant to Section 3E1.1(a), the United States agrees to move, at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the defendant's offense(s), including violations of conditions of release or the commission of any additional offense(s) prior to sentencing, the United States will be free to decline to make such motion, to withdraw that motion if already made, and to recommend to the Court that the defendant not receive any reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

8. The defendant agrees to pay the special assessment in this case prior to sentencing.

5

9. Financial Obligations. The defendant agrees to pay all fines and/or restitution to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

a) If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

b) The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

*J.H*

6

c) If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's Office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

10. The defendant acknowledges that the principal benefits to the United States of a plea agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense(s) committed, the defendant voluntarily, knowingly, and intentionally agrees to the following:

a) The defendant will not file a direct appeal of the defendant's conviction(s) or sentence with one exception: The defendant retains the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater. The defendant also waives the right to appeal the Court's determination as to whether the defendant's sentence will be consecutive or partially concurrent to any other sentence.

11. This plea agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this plea agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this plea agreement in any way (including but not limited to failing to enter guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any

other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea(s) in this case.

12. The United States will file a supplement in this case, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

13. This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

FRANCIS M. HAMILTON, III.

8

|  |  |
|---|---|
| _5/25/22_ Date | UNITED STATES ATTORNEY<br>By: _/s/ J. Christian Lampe_<br>J. CHRISTIAN LAMPE<br>Assistant United States Attorney |
| _/s/ Jason Harris_ 5/24/22 Date | _5/24/22_<br>JASON ELBERT HARRIS<br>Defendant |
| _5/24/22_ Date | _/s/ Charles L. Bledsoe_<br>CHARLES L. BLEDSOE<br>Attorney for the Defendant |

9

J. H